Matter of Procacci v Town of Hempstead (2023 NY Slip Op 06741)

Matter of Procacci v Town of Hempstead

2023 NY Slip Op 06741

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE JJ.

2022-05917
 (Index No. 607099/21)

[*1]In the Matter of Felix Procacci, appellant, 
v
Town of Hempstead, respondent. Felix Procacci, Franklin Square, NY, appellant pro se.

Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen L. Martir of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to compel the Town of Hempstead to submit certain documents to the Committee on Open Government and, in effect, action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered July 7, 2022. The order and judgment, insofar as appealed from, granted that branch of the motion of the Town of Hempstead which was, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the cause of action to compel the Town of Hempstead to submit certain documents to the Committee on Open Government and, in effect, declared that the Town of Hempstead did not violate Public Officers Law § 103(e).
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In 2020 and 2021, the petitioner/plaintiff (hereinafter the petitioner) submitted several requests for records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the respondent/defendant, the Town of Hempstead. Following the Town's partial compliance with the requests and the denials of the petitioner's appeals to the Town's FOIL appeals officer, the petitioner commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 to compel the Town to submit the petitioner's appeals to the Committee on Open Government and, in effect, action for a judgment declaring that the Town violated Public Officers Law § 103(e) by failing to disclose details of certain resolutions to the public prior to a Town meeting held on January 5, 2021.
The Town moved, inter alia, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the cause of action to compel the Town to submit the petitioner's appeals to the Committee on Open Government. In an order and judgment entered July 7, 2022, the Supreme Court, among other things, granted that branch of the motion and, in effect, declared that the Town did not violate Public Officers Law § 103(e). The petitioner appeals.
Contrary to the petitioner's contention, the Supreme Court properly determined that he lacked standing to seek judicial review of the Town's determination not to submit the petitioner's appeals to the Committee on Open Government. Public Officers Law § 89(4) does not provide for [*2]judicial review of an agency's decision to not submit a FOIL appeal to the Committee on Open Government (see id. § 89[4][a], [b]; Matter of Guardian Life Ins. Co. of Am. v Bohlinger , 308 NY 174, 181-182). In any event, the petitioner, himself, may seek an advisory opinion for his appeals from the Committee on Open Government (see Public Officers Law § 89[1][b][ii]; Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen , 69 NY2d 246, 250).
In addition, the Supreme Court properly, in effect, declared that the Town did not violate Public Officers Law § 103(e). The version of Public Officers Law § 103(e) that was in effect at the time provided that public bodies had the discretion to determine whether to post records related to proposed resolutions prior to a meeting (see id. former § 103[e]).
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court